No. 14,469.

STATE OF LOUISIANA vs. GEORGE BLANCHARD.

SYLLABUS.

The circumstances of each case must determine what declarations form part of the *res gestae* and what do not, there being no fixed rule determining the question. The declarations must be made shortly after the act and before sufficient time has elapsed to enable the accused to conceive some narrative that may help him in his defense.

Bills of exception, in criminal cases, must be complete and full in order to put a disputed question at issue, so that the court can pass upon it on appeal.

A PPEAL from the Criminal District Court, Parish of Orleans— Chrétien, J.

*Walter Guion,* Attorney General, and *J. Ward Gurley,* District Attorney, and *S. A. Montgomery,* Assistant District Attorney, and *Lewis Guion,* of Counsel, for Plaintiff, Appellee.

*Joseph E. Generelly,* for Defendant, Appellant.

The opinion of the court was delivered by

Breaux, J. The defendant was charged with having murdered Eugene Jones. He was tried and the jury returned a verdict of guilty without capital punishment.

Two bills of exception bring up the grounds upon which he bases his appeal. We will consider the grounds as if embodied in one bill of exceptions.

Five witnesses on behalf of the State testified, in substance, that the defendant had shot the deceased without provocation.

The defendant pleaded self-defense and sought to prove that he had suffered blows at the hands of the deceased. In support of this plea defendant called a witness who said that upon hearing noise, passing through his door he saw the defendant coming toward him, that he was covered with blood. When he was about to state what was defendant's answer to his question regarding the cause of his condition the district attorney objected. The ground of his objection was that it was not part of the *res gestae.*

The court sustained the objection, stating, as shown by the court's narrative embodied in the bill of exceptions, that the defendant had left the place of the difficulty and had walked a whole block away from the scene of the trouble; that no one was pursuing him and there was nothing connecting this fact which defendant sought to prove with the difficulty; that he had cooling time and any declaration of the defendant would have been self-serving.

The position of the defendant is that the judge of the District Court erred in fixing arbitrarily any time or distance in which evidence should be admitted or excluded as part of the *res gestae,* and that he also erred in considering it as a self-serving declaration, and, further, that the testimony of the excluded witness was corroborative of the testimony of the defendant and was also admissible on that ground.

We do not conclude that it was the intention to take time that had elapsed since the shooting and the distance from the place as absolutely controlling in passing upon the question as to whether or not a declaration of the defendant is admissible and proof of the soiled condition of his clothes with blood. We understand that the declaration stood alone and that there was nothing connecting it and the blood, to which reference has been made, with the crime charged. The declaration had passed from the condition of the impulsive and spontaneous to the nar-

rative following the act. In other words, it was not part of a contin-
uing transaction, a continuous utterance of instinctive words.

There is no inflexible rule; it has been decided that the facts of each
case are to be considered as whether or not they fall within the rule.
There is no question that the declarations must be made recently after
the act, and before sufficient time has elapsed to enable the party to con-
ceive some narrative that may go toward helping him in his defense.

Defendant, through his counsel, further contends that the evidence of
Norres, the excluded witness under the court's ruling, was corroborative
of defendant's testimony.

In reference to this point, our attention is called by defendant's
counsel to the fact that counsel who defended him in the District Court
did not make the exclamation part of his bill, but that from the testi-
mony of defendant it appears that he said to this witness, Norris, that
he had been assaulted and was forced to shoot.

The statement of Norris, or rather the statement of what he would have
shown by his testimony, not having been embodied in the bill of ex-
ceptions, we have nothing before us upon which to base a ruling. The
statement of defendant as to what he said to witness Norris, cannot be
considered for the purpose of a ruling. The narrative of Norris him-
self of Blanchard's utterances to him comes to a complete stop at the
point of interruption by the district attorney and nothing was after-
wards added to throw light upon the subject.

We copy from the bill of exceptions:

"Q.—What did Blanchard tell you immediately after the shooting?
"A.—He said that man—"

And here the bill of exceptions comes to an end.

It devolved upon the defendant to complete the statement in order to
have the point reviewed on appeal, and then it would have been possible
for us to determine whether it was corroborative of the statement of
defendant or not. As it is, we are without information upon which to
base our action upon the subject. One is expected to bring up a bill
sufficiently complete to enable the court to act.

We note that the defendant, without stating other grounds, moved
for a new trial and made the evidence part of the motion.

Although this brings up the testimony of the defendant and of all
the other witnesses who have testified, the defendant's testimony as to

what he said to witness Norris is not any more to be considered (for reasons already stated) in passing upon the objection.

After attentive consideration, we have arrived at the conclusion that there is no alternative left us except to affirm the sentence and judgment of the District Court.

For reasons assigned, the verdict, sentence, and judgment of the District Court are affirmed.